**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHADIJATU AMIE DIALLO,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-1532** |
| | : | |
| **CAPITAL ONE, N.A.,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**YOUNGE, J.**                                                            **APRIL 26, 2023**

Plaintiff Khadijatu Amie Diallo initiated this civil action by filing a *pro se* Complaint against Capital One, N.A. ("Capital One"), raising claims under the Truth in Lending Act ("TILA"), 15 USC §§ 1601-1667f, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  Diallo seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Diallo leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Diallo will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

## I.     FACTUAL ALLEGATIONS[1]

Diallo alleges that Capital One violated the TILA and the FDCPA in connection with the purchase of a car on May 22, 2021, and its eventual repossession.  (Compl. at 3.)  As alleged, Diallo "signed a Retail Installment Sale Contract ('RIC') with Capital One, N.A. without adequate cost disclosures to finance my personal property (2018 Honda Accord . . .)."  (*Id.*)  Diallo asserts that Capital One "did not fully disclose that the finance charge should be the sum of all charges

---

[1]  The facts set forth in this Memorandum are taken from Diallo's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.

payable directly to me to whom credit was extended," that Diallo was "uninformed of the use of credit before and after signing the 'RIC'", and that Diallo "was uninformed of the variety of terminology and forms of lending that was intended to manipulate" Diallo. (*Id.* at 3-4.)  Diallo further avers that Capital One "failed to respond correctly to complaints filed with the Attorney General of Pennsylvania and the Consumer Finance Protection Bureau." (*Id.* at 3.)

Diallo's automobile was repossessed and Diallo has "been abused constantly to pay an alleged debt that has been paid in full from the one and only consumer credit transaction that I made on May 22, 2021." (*Id.* at 3-4.)  Diallo seeks $235,943.83 in damages. (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court will grant Diallo leave to proceed *in forma pauperis* because it appears that Diallo is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Diallo's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Diallo is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts

in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

## III.    DISCUSSION

### A.    TILA Claims

The TILA regulates "the relationship between lenders and consumers . . . by requiring certain disclosures regarding loan terms and arrangements." *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009).  The purpose of the TILA is to assure "meaningful" disclosures by mandating that required terms be "clearly and conspicuously" disclosed.  *Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 390 (3d Cir. 2002) (citing 15 U.S.C. § 1632(a)).  The TILA generally requires "that a creditor in a consumer transaction disclose, among other things: (1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the sum of the amount financed and the finance charge, or total of payments; [and] (6) the number, amount, and due dates or period of payments scheduled." *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (quotation omitted); *see generally* 15 U.S.C. §§ 1601-04.  Creditors must disclose the definitions and explanations of those terms and information about borrower's rights in a manner that is reasonably understandable and noticeable to the consumer.  *See Krieger*, 890 F.3d at 432-33.  The TILA "gives borrowers a civil cause of action against creditors who violate [required] disclosures." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998); *see also* 15 U.S.C. § 1640(e).

To state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Wilson v. RoundPoint Mortg. Servicing Corp.*, No. 21-19072,

2022 WL 3913318, at *5 (D.N.J. Aug. 31, 2022) (citing *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564 (D.N.J. 2010)).  "Without more, such assertions are merely 'bald assertions' and 'legal conclusions' without any factual support.  *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

The manner in which Diallo's claims are presented has made the true nature of them difficult to understand.  Although Diallo invokes the TILA, Diallo does not indicate which section of the Act Capital One is alleged to have violated.  (*See* Compl. at 3-4.)  Diallo also did not attach a copy of the Retail Installment Sales Contract to the Complaint.  Instead, Diallo claims that Capital One "did not fully disclose that the finance charge should be the sum of all charges payable directly to me to whom credit was extended" and that Diallo was "uninformed of the variety of terminology and forms of lending that was intended to manipulate me."  (*See id.*)  This suggests that Diallo is alleging that Capital One violated the TILA by failing to properly disclose the finance charge.

The TILA defines the amount of the finance charge, in relevant part, as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit."  15 U.S.C. § 1605(a).  It is possible, however, that Diallo misconstrued the language of § 1605.  Diallo contends that Capital One was required to disclose that the finance charge "should be the sum of all charges payable directly <u>to me</u> to whom credit was extended."  (*See* Compl. at 3 (emphasis added).)  The statutory language makes clear, however, that the finance charge is comprised of sums owed by the debtor to the creditor, not sums payable to the debtor.  *See* 15 U.S.C. § 1605(a) (the finance

charge is "the sum of all charges, payable directly or indirectly <u>by</u> the person to whom the credit is extended") (emphasis added).

Even construing the Complaint liberally and assuming this was a grammatical error rather than a substantive defect, the allegations in the Complaint are undeveloped.  Diallo has not clearly articulated the factual underpinnings for the claim.  It is simply not clear from the Complaint what disclosures Capital One is alleged to have failed to provide in the RIC.  Because Diallo has failed to plausibly allege a claim under the TILA, this claim must be dismissed.  *See West v. Bakers Healthcare Grp.*, No. 22-5120, 2023 WL 3044588, at *2 (E.D. Pa. Apr. 20, 2023) (dismissing TILA claims for failure to provide factual support); *Toussaint v. Cap. One Fin. Servs.*, No. 22-02448, 2022 WL 1541546, at *1-2 (D.N.J. May 16, 2022) (dismissing TILA claim for insufficient allegations).

### B.    FDCPA Claims

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358, 205 L.Ed.2d 291 (2019) (quoting 15 U.S.C. § 1692(e)).  "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").

To state a claim under the FDCPA, a plaintiff must establish that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to

collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss"); *Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content - such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt - which would allow the Court to draw the reasonable inference that Defendants actions violated any provision of the FDCPA.").

Assuming for purposes of statutory screening that there is a valid debt in question, the Court cannot discern what provision of the FDCPA Diallo alleges that Capital One violated. Diallo's Complaint offers only a bare, conclusory allegation that Capital One violated the FDCPA and that Diallo has "been abused constantly to pay an alleged debt that has been paid in full." (*See* Compl. at 4.)[2]  Because Diallo has failed to allege facts that clearly demonstrate that Capital One

---

[2] The Court notes that Diallo fails even to allege that Capital One is a debt collector as defined in the FDCPA.  A "debt collector" is defined by the FDCPA as "any person" who  "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 365-66 (3d Cir. 2018).  The statutory definition of "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *See* 15 U.S.C. § 1692a(6).  There are also several enumerated exceptions to the definition.  *See* 15 U.S.C. § 1692a(6)(A)-(F).

has violated any provision of the FDCPA in attempting to collect a debt, the FDCPA claim is also dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Diallo leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Cognizant of Diallo's *pro se* status, the Court will grant Diallo an opportunity to "flesh out [the] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [the] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Diallo may include in any such amended pleading citations to the specific statutory provisions within the TILA and/or FDCPA that Capital One allegedly violated.  An appropriate Order follows, which provides further instruction as to amendment.

**IT IS SO ORDERED.**

BY THE COURT:

        */s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**